Frank A. CARTER, Jr., Chief
Disciplinary Counsel

v.

Betty O. MUKA.

No. 85–188–M.P.

Supreme Court of Rhode Island.

April 22, 1985.

ORDER

This matter is before us pursuant to two disciplinary petitions brought by Frank A. Carter, Jr., Chief Disciplinary Counsel (Carter). These petitions are based upon documents filed by Betty O. Muka in support of a motion for new trial in respect to a medical malpractice case heard in the Superior Court entitled *Raymond Sousa v. Rosalind Chaset, in her capacity as the Executrix of the Estate of the late Nathan D. Chaset, M.D.,* C.A. No. 78–1969. In the documents filed in support of this motion for new trial, the respondent, Betty O. Muka, accused the trial justice, Thomas H. Needham, Justice Joseph F. Rodgers, Jr., and Attorneys David W. Carroll, Joseph A. Kelly, and John F. Dolan of conspiring to suborn perjury and to obstruct justice in order to deprive her client of a fair trial. She further accused Justice Needham of being a member of organized crime and of accepting a "pay-off" of $125,000 in order to terminate the malpractice case favorably to the defendant. She also accused in these documents Dr. John B. Lawlor of deliberately giving perjured testimony.

Because the respondent had filed complaints against virtually all members of the disciplinary board which would ordinarily have been the original hearing tribunal in this matter, the members of that board recused themselves from participating in an evidentiary hearing of the subject petitions. Therefore, this court undertook the task of acting as a fact-finding body as well as the duty of ultimate determination in respect to the imposition of disciplinary sanctions. This function has been performed by this court under the rule of necessity.

This court began hearing evidence in this matter on November 15, 1984, and continued hearings on November 30, December 10, and December 17, 1984. The hearings continued January 18, January 28, February 18, February 25, April 15 and April 16, 1985. In the course of the evidentiary hearings, not one shred of evidence has been produced to support any of these extravagant accusations on the part of Betty O. Muka. Consequently, the court is constrained to find as a fact that her accusations could not have been based on any information sufficient to form a reasonable or sincere belief that such accusations were true. We find, therefore, that these accusations were made either with actual knowledge of their falsity or with reckless disregard of whether they were false or not. She has deliberately and grievously maligned members of the Superior Court

and members of the bar of hitherto outstanding and unblemished reputation.

Her own tape-recorded evidence of a conversation with Dr. Lawlor, an outstanding member of the medical profession, completely belies her characterization of his testimony in court as perjured. She recorded a conversation with Dr. Lawlor and another conversation with Mr. William E. Egan, an adjuster for Joint Underwriting Association of Rhode Island, without indicating to either of them that the telephone conversations were being recorded. However, both conversations were admitted into evidence on her motion without objection. These recordings completely belie her accusations concerning misconduct on the part of Dr. Lawlor or Mr. Egan.

During the hearings before this court, Mrs. Muka consistently manifested a lack of any appreciation for her obligations as a member of the bar to support the truth; she consistently mischaracterized testimony and flagrantly reasserted her unsupported accusations against members of the judiciary and the bar. She displayed not even the most rudimentary knowledge of basic substantive and procedural law relating to the malpractice case in issue or relating to the disciplinary procedure before this court.

As a consequence, we are of the opinion that Mrs. Muka has violated the disciplinary rules set forth in the petitions before this court and that she is not qualified to practice law in this state, and that it would be a disservice to the public to allow her to continue to practice law as a member of the Rhode Island Bar.

For the reasons stated, Mrs. Betty O. Muka is hereby suspended from the practice of law, and a complete opinion will follow setting forth in greater detail the reasons for this action and any further disciplinary action to be taken in our final decision.

The respondent is directed to furnish to the clerk of this court within ten days of the date of this order the names and addresses of all clients presently represented by her in order that arrangements may be made to protect the interests of respondent's clients.

BEVILACQUA, C.J., did not participate.